IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| BRANDON MILLETT,<br>WILLIAM MORGAN, and<br>BRANDON MENDOZA,<br>on behalf of themselves individually and<br>all other similarly situated employees,<br><br>    Plaintiffs,<br><br>vs.<br><br>SHAMROCK CABINET &<br>FIXTURE CORPORATION,<br>Serve: Registered Agent<br>       William J. Price<br>       10201 East 65th Street<br>       Raytown, Missouri, 64133<br><br>    Defendant. | Case No. |

## COMPLAINT

Plaintiffs Brandon Millett ("Brandon"), William Morgan ("William"), and Brandon Mendoza ("Mendoza"), on behalf of themselves, a class, and a collective of all other similarly situated individuals, for their complaint against Defendant Shamrock Cabinet & Fixture Corporation ("Shamrock"), state as follows:

### INTRODUCTION

1. Brandon, William, and Mendoza (collectively, "Plaintiffs") bring this action in their individual capacities and on behalf of a class and collective of other similarly situated individuals.

2. Brandon's individual claims arise in connection with Defendant's wrongful and unlawful termination of his employment on January 4, 2021, after his Covid-related absence from work.

1

3. Plaintiffs' class and collective claims relate to Shamrock's improper and unlawful payment of wages to Plaintiffs and other similarly situated individuals.

4. Specifically, Shamrock paid its employees improperly and unlawfully in at least two ways: (1) while Shamrock rounded its hourly employees' time up at the beginning of a workday, it did not round those employees' time up at the end of a workday; and (2) Shamrock automatically deducted a thirty-minute lunch period from its hourly employees' time each day, even if those employees did not take a break for lunch or such a break in general.

5. Plaintiffs, on behalf of themselves and others similarly situated, bring their collective action under the Fair Labor Standards Act to recover unpaid wages and overtime compensation owed to them and other similarly situated workers who are and were employed by Defendant.

6. Additionally, Plaintiffs, on their own behalf and on behalf of others similarly situated, bring their Rule 23 class action under the Missouri Minimum Wage Law to recover unpaid wages and overtime compensation owed to Plaintiffs and other similarly situated workers who are and were employed by Defendant.

## PARTIES, JURISDICTION, AND VENUE

7. Brandon is an individual residing in Oak Grove, Missouri.

8. William is an individual residing in Kansas City, Missouri.

9. Mendoza is an individual residing in Richmond, Missouri.

10. Shamrock is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business located in Raytown, Missouri. It can be served through its registered agent, William J. Price, at 10201 East 65th Street, Raytown, Missouri, 64133.

11. Brandon's individual claims are brought pursuant to the Fair Labor Standards Act (29 U.S.C. §§ 201, *et seq.*) (the "FLSA"), the Families First Coronavirus Response Act (Public Law 116-127) ("FFCRA"), the Emergency Paid Sick Leave Act ("EPSLA"), the Family Medical Leave Act (29 U.S.C. §§ 2601, *et seq.*) (the "FMLA"), and the Americans with Disabilities Act (42 U.S.C. §§ 12101, *et seq.*) (the "ADA").

12. Plaintiffs' collective and class claims, respectively, are brought pursuant to the FLSA and the Missouri Minimum Wage Law (RS Mo. § 290.500, *et seq.*) ("MMWL")).

13. The Court has jurisdiction over Brandon's individual claims under the FLSA, the FMLA, and the FFCRA, pursuant to 29 U.S.C. § 216 and 28 U.S.C. § 1331.

14. The Court has jurisdiction over Plaintiffs' collective and class claims, respectively, under 29 U.S.C. § 216, 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

15. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in the Western District of Missouri.

## FACTUAL BACKGROUND

### *Allegations Specific to Plaintiff Brandon Millett*

16. Until early January 2021, Brandon worked as a woodworker for Shamrock, a position in which he earned $25.50/hour.

17. Brandon loved and took pride in his job, which he began with Shamrock in or around April 2019.

18. Brandon appreciated the steady work, the independence of his position, and the feeling of satisfaction in making Shamrock's customers—who had paid handsomely for Shamrock's products—happy.

3

19. Brandon, however, suffered from PTSD, anxiety, and depression.

20. In approximately November 2019, Brandon told his direct supervisors, Jeremy Beachner and Robert Aldridge, that he had, for a long time, suffered from PTSD, anxiety, and depression, stemming from sexual abuse that Brandon suffered as a child.

21. While Brandon does not recall specifically mentioning the FMLA or the ADA, Brandon did provide Jeremy and Robert enough information about his mental health issues for them to know that he would need intermittent leave (*i.e.*, unscheduled days off work) because of his mental health issues.

22. After Brandon's discussion with Jeremy and Robert, Shamrock began to accommodate Brandon's need for intermittent leave.

23. Beginning in early 2020, Brandon's anxiety and PTSD began to spike, causing Brandon to have to miss multiple days of work on an intermittent and unpredictable basis.

24. Brandon missed, for example, January 17th, January 21st, March 6th, May 11th through 13th, May 18th, June 1st and June 2nd, and July 20th and 21st—all on account of his anxiety and PTSD.

25. Shamrock did not penalize Brandon for the missed days.

26. However, on or about July 30, 2020, after accommodating Brandon's need for intermittent leave for several months, Shamrock wrote Brandon up, purportedly for having a total of thirteen unscheduled absences.

27. Each of the absences should have been excused as leave pursuant to the FMLA and the ADA.

28. In disciplining Brandon on July 30, 2020, Shamrock did not follow its internal policies pertaining to attendance.

4

29. On December 11, 2020, Brandon tested positive for the Covid-19 virus and was directed by his physician to stay home and quarantine for fourteen (14) days.

30. Immediately after testing positive, Brandon contacted his direct manager, Jeremy Beachner, as well as Shamrock's office manager, Kelly Lauderbach, to advise them of the positive test result and his physician's stay-at-home order.

31. Jeremy agreed that Brandon could return to work on Monday, December 28th, since fourteen days of leave would have had him returning on Christmas Day, December 25th.

32. Despite the foregoing understanding, Jeremy called Brandon on Monday, December 21st, to find out why Brandon had not reported to work that day.

33. Jeremy incorrectly claimed that Brandon was only entitled to ten (10) days of leave and that Brandon would be written up for being absent, docked his holiday pay, and forced to "deal with" Robert Aldridge, Jeremy's boss, upon Brandon's return to work.

34. On December 21st, Jeremy also sent Brandon's wife, Holly, a Facebook message, asking where Brandon was and inquiring why he was not at work.

35. Jeremy was seemingly oblivious to the fact that federal law (*i.e.*, the FFCRA and EPSLA) required Shamrock to provide Brandon with up to two weeks (*i.e.*, 80 hours) of paid sick leave because of Brandon's need to quarantine.

36. When Brandon returned to work on December 28th, he went to talk directly with Robert to assert a complaint about Jeremy's behavior and threats.

37. Robert apologized for Jeremy's behavior and indicated that Jeremy should have communicated better with Brandon concerning Brandon's leave.

38. Robert also indicated that Brandon would not be written up for the incident.

39. During Brandon's discussion with Robert, Tyler Blaney was present.

40. On January 4th, Brandon was unable to make it to work because he was having gastrointestinal issues associated with Covid-19.

41. After Brandon notified Jeremy that he would be late because of his gastrointestinal issues, Jeremy told Brandon that it was not a good enough excuse and that Brandon was fired, effective immediately.

42. Jeremy drafted a termination letter to send to Brandon and indicated that Shamrock had decided to terminate Brandon's employment for the following reasons: (a) the absences caused by Brandon's mental health issues that, in turn, caused Brandon to be written up on July 30, 2020; (b) the December 21st absence that occurred while Brandon was recovering from Covid-19 and on leave from work pursuant to the FFCRA and EPSLA; and (c) the January 4th absence that occurred because of gastrointestinal issues associated with Brandon's recovery from Covid-19.

43. On or about March 9, 2021, Brandon filed a Charge of Discrimination against Shamrock with the Missouri Commission on Human Rights and the EEOC, alleging disability discrimination and retaliation in violation of the ADA and the Missouri Human Rights Act.

44. On or about August 20, 2021, the EEOC issued Brandon a Notice of Right to Sue in connection with his Charge of Discrimination.

### *Collective and Class Allegations*

45. Plaintiffs Brandon Millett, William Morgan, and Brandon Mendoza, were hourly, non-exempt, employees of the Defendant.

46. Each of Defendant's hourly, non-exempt employees, including Plaintiffs, has a scheduled time to start his or her workday.

47. Defendant's payroll policies permitted hourly, non-exempt employees to clock in up to nine (9) minutes before their respective shifts started.

6

48. Brandon, for example, was typically scheduled to start his workday at 6:30 a.m.

49. Defendant permitted him to clock in for his shift at any point in time after 6:21 a.m.

50. The same was and is true for all of Defendant's other hourly, non-exempt, current or former employees.

51. Additionally, Defendant's payroll policies utilized a methodology of counting time known as "rounding," and Defendant rounded its hourly, non-exempt employees' time—at least at the beginning of a workday—to the next ten-minute increment.

52. For example, if Brandon clocked in for work at 6:25 a.m., Shamrock started paying him at 6:30 a.m.; if Brandon showed up at 6:32 a.m., Shamrock began paying him at 6:40 a.m.

53. At the end of a workday, however, Shamrock unlawfully did not round up its hourly, non-exempt employees' time.

54. For example, if Brandon clocked out at 2:57 p.m., Shamrock stopped paying him precisely at 2:57 p.m.; it did not round up his time to 3:00 p.m.

55. The same was and is true for William and Mendoza and for Defendant's other hourly, non-exempt, current or former employees.

56. Additionally, Defendant's payroll system automatically deducted a thirty-minute lunch break from each of Defendant's hourly, non-exempt employees' time each day, even if the employees at issue did not take a lunch or other break of that duration.

57. For example, if William was working and he did not take a lunch break (which happened quite regularly), his paycheck would nonetheless reflect a thirty (30) minute deduction as if he had actually taken the lunch break.

58. The same was and is true for Brandon and Mendoza and for all of Defendant's other hourly, non-exempt current or former employees.

59. Plaintiffs bring Count VI as an opt-in collective action pursuant to 29 U.S.C. § 216(b) and seek relief, individually and on a collective basis, from Defendant's practices of requiring work with no pay and automatically deducting lunch breaks from its employees' time. The class for the FLSA claim is defined as:

> All persons working as hourly, non-exempt employees for Shamrock Cabinet & Fixture Corporation from September 2, 2018 through the present.

60. Plaintiffs bring Counts VII and VIII as class actions pursuant to Fed. R. Civ. P. 23 (Rule 23), on their own behalf and as the Class Representatives on behalf of the following:

> All persons working as hourly, non-exempt employees for Shamrock Cabinet & Fixture Corporation from September 2, 2018 through the present.

61. Plaintiffs' state law claims under Missouri common law and the MMWL satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Rule 23.

62. These classes are believed to number in the hundreds of persons, and as a result, joinder of all class members in a single action is impracticable. Additionally, class members may be informed of the pendency of this class action through direct mail.

63. There are questions of fact and law common to the class that, under Missouri state law, predominate over any questions affecting only individual members, including but not limited to, the following:

   a. Whether Shamrock violated federal or Missouri law when it failed to pay its hourly, non-exempt employees for all of the hours they worked;

   b. Whether Shamrock had a policy and practice of failing to compensate its hourly, non-exempt employees for all of the hours they worked;

   c. Whether Shamrock violated federal or Missouri law by rounding up its employees' time to the next ten-minute increment at the start of a workday and then not similarly rounding up its employees' time to the next increment at the end of a workday;

d.  Whether Shamrock violated federal or Missouri law by automatically deducting a thirty-minute lunch break from its employees' time each workday;

e.  Whether Shamrock failed to pay its hourly, non-exempt employees at an effective wage rate of at least the applicable minimum wage for all hours worked;

f.  Whether Shamrock failed to pay its hourly, non-exempt employees an overtime premium for work performed in excess of 40 hours in a workweek; and

g.  Whether Shamrock breached its contracts with its hourly, non-exempt employees by not paying said employees per the terms of its contracts with the employees.

64. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the state law claims.

65. Plaintiffs' claims under federal and Missouri state law are typical of those of the class in that the class members have been employed in the same or similar positions as Plaintiffs and were subject to the same or similar unlawful practices as Plaintiffs.

66. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

67. Plaintiffs are adequate representatives of the Missouri class because they are members of the class and their interests do not conflict with the interests of the members of the class they seek to represent. The interests of the members of the class will be fairly and

adequately protected by Plaintiffs and undersigned counsel. Counsel are experienced in the litigation of civil matters, including the prosecution of complex wage and hour, employment, and class action cases.

68. Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## COUNT I – FFCRA/EPLSA INTERFERENCE
### (PLAINTIFF BRANDON MILLETT'S INDIVIDUAL CLAIM)

69. Plaintiff Brandon Millett incorporates the allegations set forth in paragraphs 1-68 as if fully set forth herein.

70. Employers are prohibited from interfering with employees' rights under the FFCRA and the EPSLA, and a private right of action exists to enforce the protections afforded employees by these statutes. 29 U.S.C. § 216.

71. Brandon is an eligible employee under the FFCRA and the EPSLA, and Shamrock is a covered employer under the FFCRA and the EPSLA.

72. In December 2020, after contracting the Covid-19 virus, Brandon was entitled to leave under the FFCRA, and more specifically, two-weeks paid leave under the EPSLA.

73. Shamrock did not provide Brandon with two weeks of paid leave, as it only paid him for six (6) of the ten (10) days of leave.

74. Pursuant to the FFCRA and the EPSLA, Shamrock is, therefore, subject to the penalties contained in 29 U.S.C. § 216(b), including payment of his wages for the remaining period

10

of paid leave that Shamrock did not provide him, liquidated damages, and attorneys' fees, costs, and expenses.

### COUNT II – FFCRA/EPLSA/FLSA RETALIATION
### (PLAINTIFF BRANDON MILLETT'S INDIVIDUAL CLAIM)

75. Plaintiff Brandon Millett incorporates the allegations set forth in paragraphs 1-74 as if fully set forth herein.

76. Employers are prohibited from discharging, disciplining, discriminating against, or otherwise retaliating against any employee because that employee exercised his or her rights under the FFCRA and the EPSLA.

77. Brandon is an eligible employee under the FFCRA and the EPSLA, and Shamrock is a covered employer under the FFCRA and the EPSLA.

78. In December 2020, after contracting the Covid-19 virus, Brandon was entitled to leave under the FFCRA, and more specifically, two-weeks paid leave under the EPSLA.

79. As alleged above, Shamrock retaliated against Brandon by writing him up, docking his holiday pay, lying to him about whether he would be disciplined for his absence, terminating his employment, and treating him less favorably than similarly situated employees who had not engaged in protected activity.

80. Accordingly, Shamrock has violated the FFCRA, the EPSLA, their implementing regulations, and in turn, the FLSA.

81. Shamrock was aware of the fact that Brandon was entitled to Covid-19 related leave, and Shamrock understood that Brandon had been ordered by his physician to remain out of work for at least two weeks.

82. By engaging in the conduct identified above, Defendant has retaliated against Brandon's attempt to exercise or exercise of his FFCRA and EPSLA rights, and therefore, has violated 29 U.S.C. § 215.

83. As a result of Defendant's violations, Brandon is entitled to an award of back pay and benefits, compensatory damages, front pay and benefits, liquidated damages, attorneys' fees, costs, and expenses for which Defendant is liable.

**COUNT III – FMLA INTERFERENCE**
**(PLAINTIFF BRANDON MILLETT'S INDIVIDUAL CLAIM)**

84. Plaintiff Brandon Millett incorporates the allegations set forth in paragraphs 1-83 as if fully set forth herein.

85. The FMLA makes it unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided by the FMLA.

86. Brandon is an eligible employee under the FMLA, and Defendant is a covered employer within the meaning of the FMLA.

87. After putting Defendant on notice in late-2019 of his medical conditions and need for intermittent time off of work, Defendant's representatives did not engage in an interactive process with Brandon to discuss his need for leave under the FMLA.

88. Though Defendant accommodated Brandon's need for intermittent leave, at no time did Defendant discuss with Brandon the option to utilize FMLA leave in connection with his medical condition.

89. In not engaging with Brandon, Defendant's representatives caused him additional stress and anxiety, since every absence he had on account of his medical condition then caused Brandon to worry about whether he was going to get penalized for the absence.

90. Brandon's additional concerns would easily have been eliminated if Defendant's representatives had worked with him to confirm his need for intermittent FMLA leave.

91. Defendant interfered with, restrained, and precluded Brandon from exercising his rights pursuant to the FMLA and then ultimately denied Brandon an opportunity to even apply for and/or be qualified for FMLA leave for his medical condition.

92. Such interference has caused serious damage to Plaintiff, and he is entitled to all damages authorized by 29 U.S.C. § 2617, including lost wages and benefits, interest, liquidated damages, attorneys' fees, expenses, and equitable relief.

## COUNT IV – ADA RETALIATION
### (PLAINTIFF BRANDON MILLETT'S INDIVIDUAL CLAIM)

93. Plaintiff Brandon Millett incorporates the allegations set forth in paragraphs 1-92 as if fully set forth herein.

94. Plaintiff is a qualified individual with a disability under the ADA in that he met the legitimate skill, experience, education and other requirements of his position with Shamrock and could perform the essential functions of his position with a reasonable accommodation.

95. Shamrock is a covered employer under the ADA.

96. Plaintiff requested intermittent leave from work on account of mental health issues.

97. While Shamrock did not request any documentation from Plaintiff concerning his mental health issues, Shamrock nonetheless accommodated Plaintiff's request and granted him intermittent leave when his mental health issues caused him to be absent from work.

98. On July 30, 2020, though, Shamrock reneged on its agreement to provide accommodations to Brandon, when it disciplined him for missing work in the preceding months.

99. On January 4, 2021, Shamrock retaliated further against Plaintiff by terminating his employment, partially on account of the absences that Plaintiff had been written up for in July 2020.

100. By engaging in the conduct identified above, Defendant has retaliated against Brandon's attempt to or exercise of his rights under the ADA, and therefore, has violated 42 U.S.C. § 12101, *et seq*.

101. As a result of Defendant's violations, Brandon is entitled to an award of back pay and benefits, compensatory damages, front pay and benefits, attorneys' fees, costs, and expenses, for which Defendant is liable.

## COUNT V – ADA FAILURE TO ACCOMMODATE
### (PLAINTIFF BRANDON MILLETT'S INDIVIDUAL CLAIM)

102. Plaintiff Brandon Millett incorporates the allegations set forth in paragraphs 1-101 as if fully set forth herein.

103. Plaintiff is a qualified individual with a disability under the ADA in that he met the legitimate skill, experience, education and other requirements of his position with Shamrock and could perform the essential functions of his position with a reasonable accommodation.

104. Shamrock is a covered employer under the ADA.

105. Plaintiff requested intermittent leave from work on account of mental health issues.

106. Shamrock accommodated Plaintiff's request for several months until July 30, 2020, when it suddenly disciplined Plaintiff for absences earlier in the year.

107. At no time on or after July 30, 2020, did Shamrock ever discuss with Plaintiff whether he needed an accommodation for his mental health disabilities, and at no time on or after July 30, 2020, did Shamrock ever accommodate Plaintiff's need for intermittent leave.

108. Defendant failed to engage in the interactive process as required by the ADA, and it failed to accommodate Brandon's need for intermittent leave under the ADA.

109. Shamrock has, therefore, violated the ADA, and Brandon is entitled to an award of back pay and benefits, compensatory damages, front pay and benefits, attorneys' fees, costs, and expenses, for which Defendant is liable.

WHEREFORE, for his individual claims set forth in Counts I-V, Plaintiff Brandon Millett respectfully requests that the Court enter judgment in his favor and against Defendant Shamrock Cabinet & Fixture Corporation in an amount to be proven at trial for all relief available to him under the FLSA, the FFCRA, the EPSLA, the FMLA, and the ADA; and for such other relief as the Court deems just and proper in the circumstances.

### COUNT VI – VIOLATION OF THE FLSA
### (BROUGHT AGAINST DEFENDANT BY PLAINTIFFS, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED)

110. Plaintiffs Brandon Millett, William Morgan, and Brandon Mendoza, incorporate the allegations set forth in paragraphs 1-109 as if fully set forth herein.

111. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

112. The FLSA regulates, among other things, the payment of wages and overtime pay, by employers engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

113. Defendant is subject to the minimum wage and overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

114. Defendant has violated the FLSA by failing to properly compensate its hourly, non-exempt employees for all of their hours worked, by failing to pay them minimum wage, and by failing to properly pay them overtime wages.

115. Plaintiffs and all other similarly situated employees—which Plaintiffs consider to be all persons working as hourly, non-exempt employees for Defendant from September 2, 2018 through the present—are victims of a common compensation policy.

116. Plaintiffs and all other similarly situated employees are entitled to damages equal to the amount of uncompensated time that they worked for Shamrock, as well as the mandated minimum wage and overtime premium pay, within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew or showed reckless disregard in its violation of the FLSA's requirements.

117. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA. As a result, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages as described by Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant acted in good faith in failing to pay its employees minimum wage and overtime compensation, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

118. As a result of these violations of the FLSA's minimum wage and overtime pay provisions, compensation has been unlawfully withheld by Defendant from Plaintiffs and all similarly situated employees. Accordingly, pursuant to 29 U.S.C. § 216(b), Defendant is liable for the unpaid minimum wages and overtime premium pay along with an additional amount

16

Case 4:21-cv-00635-GAF    Document 1    Filed 09/02/21    Page 16 of 19

as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, expenses, and costs of this action.

### COUNT VII – VIOLATION OF MISSOURI'S MINIMUM WAGE LAW
### (BROUGHT AGAINST DEFENDANT BY PLAINTIFFS, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED)

119. Plaintiffs Brandon Millett, William Morgan, and Brandon Mendoza, incorporate the allegations set forth in paragraphs 1-118 as if fully set forth herein.

120. Defendant violated Missouri law, in pertinent part, by failing to properly compensate its hourly, non-exempt employees for all of their hours worked, by failing to pay them minimum wage, and by failing to properly pay them overtime wages.

121. Further, Plaintiffs and other similarly situated employees are entitled to recover liquidated damages, attorneys' fees, and costs, pursuant to RS Mo. § 290.527.

### COUNT VIII – BREACH OF CONTRACT
### (BROUGHT AGAINST DEFENDANT BY PLAINTIFFS, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED)

122. Plaintiffs Brandon Millett, William Morgan, and Brandon Mendoza, incorporate the allegations set forth in paragraphs 1-121 as if fully set forth herein.

123. Defendant entered into contracts with Plaintiffs and its other hourly, non-exempt employees to pay them for all of their hours worked at agreed-upon rates.

124. Defendant has breached its contracts with Plaintiffs and its other hourly, non-exempt employees by failing to pay them for all of the hours that the employees actually worked.

125. Plaintiffs have been damaged as a result of Defendant's breach of contract in an amount to be proven at trial.

WHEREFORE, for Plaintiffs' class and collective claims set forth in Counts VI through VIII, Plaintiffs and all other similarly situated employees demand judgment against Defendant and request that this Court:

(a) issue notice to all similarly situated employees (current or former) of Defendant informing them of their right to file consents to join the FLSA portion of this action;

(b) certify the state law claims set forth in Count VII-VIII as a class action pursuant to Rule 23;

(c) declare Defendant's rounding policies, automatic lunch deduction policies, and other improper payroll policies illegal under the FLSA and the MMWL;

(d) award Plaintiffs and all other similarly situated employees their lost wages, minimum wages, overtime wages, and liquidated damages under 29 U.S.C. § 216(b) and RS Mo. § 290.527;

(e) award Plaintiffs and all other similarly situated employees pre-judgment and post-judgment interest as provided by law;

(f) award Plaintiffs and all other similarly situated employees attorneys' fees, expenses, and costs, as allowed by Section 216(b) of the FLSA and under RS Mo. § 290.527; and

(g) award Plaintiffs and all other similarly situated employees such other relief as the Court deems just and proper in the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury for the foregoing causes of action.

## **DESIGNATION OF PLACE OF TRIAL**

Plaintiffs hereby request the trial be held in Kansas City, Missouri.

## CIVIL COVER SHEET

Attached as **Exhibit A** is a copy of the Civil Cover Sheet.

                                        **HKM EMPLOYMENT ATTORNEYS LLP**

By:    */s/ Brad K. Thoenen*
        Brad K. Thoenen, MO 59778
        bthoenen@hkm.com
        John J. Ziegelmeyer III, MO 59042
        jziegelmeyer@hkm.com
        1501 Westport Road
        Kansas City, Missouri 64111
        816.875.9339

        ATTORNEYS FOR PLAINTIFFS