IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MICHAEL BRANDON MILLETT, WILLIAM MORGAN, and BRANDON MENDOZA, on behalf of themselves individually and all other similarly situated employees, <br><br> *Plaintiffs*, <br><br> vs. <br><br> SHAMROCK CABINET & FIXTURE CORPORATION, <br><br> *Defendant*. | Case No. 4:21-cv-00635-GAF |

## **ORDER**

This matter comes before the Court on the Plaintiffs' Unopposed Motion for Final Settlement Approval. [Doc. #71]. The Court heard argument on the Motion on September 6, 2023. Based on the Parties submissions and the September 6 hearing, the Court finds that the Settlement Agreement is fair, reasonable, and adequate, and that it is a fair and equitable resolution of a bona fide wage and hour dispute. As such, the Court GRANTS the Plaintiffs' unopposed motion, and makes the following findings:

1. The Parties provided the best practicable notice to class members under the circumstances. Working with the Settlement Administrator, RG/2 Claims Administration, LLC, the Parties were able to timely carry out the notice process that the Court preliminarily approved on May 4, 2023 [Doc. #65].

2. The terms of the Settlement Agreement, Release, and Waiver (the "Settlement Agreement") are approved as fair, reasonable, and adequate under Rule 23. In making this finding, the Court considers the merits of the Plaintiffs' case weighted against the terms of the settlement

agreement, Defendant's financial condition presenting no concern that the judgment will go unsatisfied, the complexity and potential expense of further litigation, and the lack of objections to the settlement. The Court finds that each of these factors supports final approval of the settlement. Further, the Court notes that only one (1) of 201 prospective Class Members has opted out of the settlement.

3. The settlement represents a fair and equitable resolution of a bona fide wage and hour dispute under the FLSA. In making this finding, the Court considers that the parties have disputed Defendant's liability and the potential damages that may be available to Plaintiffs throughout this case. Furthermore, the Court has considered the stage of litigation, the fact that the Parties engaged in extensive discovery and multiple mediations prior to this settlement, the complexity, expense, and likely duration of remaining litigation, that the settlement is a product of arms-length negotiations, and whether the settlement's value outweighs the potential recovery for the Class should litigation continue. The Court finds that each of these factors supports final approval of the settlement under the FLSA and Rule 23.

4. The Court approves that two additional Class Members, identified in the briefing as D.D. and J.R., who were unable to meet the opt-in deadline through extenuating circumstances, are approved to join the opt-in portion of the settlement.

5. The Court approves service awards to the named Plaintiffs as requested, of $10,000 for Michael Brandon Millett, and $5,000 each for William Morgan and Brandon Mendoza. The Court finds these requested awards to be reasonable in light of the time, risk, and dedication devoted to this case by the named Plaintiffs on behalf of the Class.

6. The Court approves Class Counsel's request for attorneys' fees and expenses in the amount of $375,000. The Court has reviewed Class Counsel's submissions and finds this amount

to be reasonable in light of the risk assumed, and the time and effort put into this case by Class Counsel. The Court also notes that this award of fees and expenses, which totals 30% of the total settlement, is consistent with a number of other fee awards to class action counsel that have been approved in this District.

Based on the foregoing, the Court GRANTS Plaintiffs' Unopposed Motion for Final Settlement Approval, such that the settlement of this matter reached by the Parties is APPROVED. The Parties should continue to work together and with RG/2 as needed to ensure timely distribution of the Settlement Fund as approved in the Settlement Agreement.

SO ORDERED

s/ Gary A. Fenner<br>
GARY A. FENNER, JUDGE<br>
UNITED STATES DISTRICT COURT

DATED: September 8, 2023